FILED
JAMES BONINI
CLERK

2012 JUN -7 PM 3:28

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

BARBARA J. CUMMINGS
aka BARBARA CUMMINGS ROBINSON
and CHESAPEAKE CORPORATION

Case No. 2:12 cr 128

Judge Judge Economus

**INFORMATION**
18 U.S.C. § 1343

### COUNT 1 WIRE FRAUD
### Purchase Order (Contract) SPM7M3-09-V-5607
### Fluid Filter Elements

1. The Defendant BARBARA J. CUMMINGS is the President and majority owner of Defendant BARBARA J. CUMMINGS started CHESAPEAKE CORPORATION located in Cambridge, Maryland in 1991 and established their CAGE code (individual number assigned to each Department of Defense contractor) with the Department of Defense (DOD) as a contractor who sold and supplied a variety of military parts and chemicals to the DOD to be used by the United States military.

1

2. The DOD, through its various agencies, such as the Defense Logistics Agency ("DLA") contracts with private individuals and companies for the supply of various items for component parts and end products to be used by members of the United States military. DOD requires that all parts so purchased be in conformity with the requirements listed in the purchase order. By the submission of an invoice to DOD the contractor represents that the parts shipped to DOD meet these requirements. Upon receiving an invoice the DOD, through Defense Finance and Accounting Service "DFAS," will issue electronic payment to the supplying contractor and retain a voucher as a record of the payment.

3. For the contracts and time period relevant to this Information, Defendant's DOD contracts required the supply of items manufactured by the DOD approved original manufacturer, as specified in the purchase order, known as the "Original Equipment Manufacturer" ("OEM"). The items involved in this Information are also considered "critical application items". A "critical application item" is a part determined by the military services to be an item essential to weapon systems performance or operation, or the preservation of life or safety of operational personnel.

4. The DOD, through its agencies, such as the DLA Land & Maritime, formerly known as the Defense Supply Center Columbus (DSCC), Columbus, OH, within the Southern District of Ohio, issued purchase orders to Defendant

CHESAPEAKE CORPORATION for the supply of various types of filters to be used by members of the United States military. Several of the filters were classified as critical application items. The filters were required to have been manufactured by specific DOD approved OEMs.

5. As part of a scheme and artifice to defraud, from June 2008 to June 2010, the DOD, acting through DLA Land & Maritime division issued purchase orders to Defendant CHESAPEAKE CORPORATION for a variety of different type filters. Defendant BARBARA J. CUMMINGS, through Defendant CHESAPEAKE CORPORATION invoiced the DOD through the DFAS, Columbus, OH, within the Southern District of Ohio, representing the parts they shipped were manufactured by the DOD approved OEM. Based on the invoices submitted, DFAS issued payments electronically to the company's bank account in Maryland.

6. It was further part of the scheme to defraud that for all of the orders referenced above, the Defendant BARBARA J. CUMMINGS represented in quotes and invoices to the DOD that the DOD approved OEM filters, would be supplied by Defendant CHESAPEAKE CORPORATION when in fact the Defendant BARBARA J. CUMMINGS fully knew they did not supply the required OEM parts.

7. It was further part of the scheme to defraud that on July 20, 2009, DLA Land & Maritime issued Defendant CHESAPEAKE CORPORATION purchase order SPM7M3-09-V-5607 to supply a total of 81 fluid filter elements, National Stock Number 4330-01-261-6523, from a DOD approved OEM, namely DOMS, Inc, part number 2103. These filters are critical application items used within military hydraulic cranes. Defendant BARBARA J. CUMMINGS prepared, or directed the preparation, through Defendant CHESAPEAKE CORPORATION, a quote to the DOD indicating they would provide to DOD the required DOMS, Inc filters; would ship filters containing labels that identified the filters as the required DOMS, Inc filters; and would provide a copy of their purchase order to DOMS, Inc and a copy of an invoice from DOMS, Inc indicating they had supplied the required filters. The Defendants BARBARA J. CUMMINGS and CHESAPEAKE CORPORATION intentionally and knowingly, then supplied filters to the DOD that were not manufactured by the approved OEM, DOMS, Inc.

8. On or about October 19, 2009, in the Southern District of Ohio, Defendant BARBARA J. CUMMINGS acting with and through defendant CHESAPEAKE CORPORATION knowingly caused to be transmitted by wire, in interstate commerce, electronic transfers of funds in the amount of $4,425.03 from DFAS in Columbus, OH, to a bank account controlled by defendant CHESAPEAKE CORPORATION in Cambridge, MD. Said payment was for

4

purchase order SPM7M3-09-V-5607 to supply a total of 81 fluid filter elements, and, in fact, the filters (and supporting documents) supplied by Defendants BARBARA J. CUMMINGS and CHESAPEAKE CORPORATION under this purchase order were not the required DOMS, Inc part number 2103, but an unapproved substitution and Defendants BARBARA J. CUMMINGS and CHESAPEAKE CORPORATION well knew they had not supplied DOMS, Inc filters.

In violation of 18 U.S.C. Section 1343.

CARTER M. STEWART
UNITED STATES ATTORNEY

*[signature]*

BRENDA SHOEMAKER
FINANCIAL CRIMES CHIEF
ASSISTANT UNITED STATES ATTORNEY